## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **CODY WAYNE MAYFIELD,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-16-557-HE** |
| | ) | |
| **TRACY McCOLLUM,**[1] | ) | |
| | ) | |
| **Respondent.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner, appearing pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. United States Chief District Judge Joe Heaton referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 22. Respondent filed a response, Doc. 14, the jury-trial transcripts (TR) and original record (OR), Doc. 16, and Petitioner replied, Doc. 20. For the reasons set forth below, the undersigned recommends the court deny habeas relief.

---

[1]    Petitioner is currently housed at the North Fork Correctional Facility, Doc. 13, which is now a state-run correctional center. As such, the correct Respondent is Tracy McCollum, the North Fork Correctional Facility Warden. *See Jimenez v. Utah*, 665 F. App'x 657 n.2 (10th Cir. 2016) ("The correct respondent was the Warden of the Utah State Prison, since the proper respondent in a habeas corpus action is always the petitioner's custodian.").

## I.    Introduction.

In relevant part, the State charged Petitioner, in Case No. CF-2013-532, with possession of a controlled drug (cocaine) with intent to distribute and possession of a controlled dangerous substance (methamphetamine), both after two or more prior felony convictions.  OR 17, 69.[2]  A jury in Comanche County, Oklahoma, acquitted Petitioner on the intent to distribute cocaine charge, but found him guilty of the lesser included offense of possessing cocaine (Count One).  *Id.* at 116-17.  The jury also found Petitioner guilty of possessing methamphetamine (Count Two).  *Id.* at 119.  Per the jury's recommendation, the trial court sentenced him to two consecutive life sentences.  *Id.* at 118, 120, 138.

Petitioner appealed, and the Oklahoma Court of Criminal Appeals (OCCA) held that Petitioner's convictions for possession of two drugs found in a single container violated the Double Jeopardy clause and "reversed and remanded" Count Two (possession of methamphetamine) "with instructions to dismiss."  Doc. 14, Ex. 5, at 2.  However, the court affirmed the trial court on Petitioner's remaining arguments.  *Id.* at 2-5.  Thereafter, the trial court complied with the OCCA's directive, and amended the Judgment and Sentence

---

[2]    Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination.  Citation to the state court records will refer to the original pagination.  Additionally, when quoting Petitioner, the undersigned has altered some capitalization for ease of reading.

to reflect only a conviction on Count One for unlawful possession of a controlled dangerous substance after two or more prior felony convictions. *Id*. Ex. 2.

Petitioner then proceeded to this Court.

## II.    Petitioner's habeas claims.

Petitioner raises seven claims for relief. In Grounds One and Two, Petitioner alleges the trial court improperly admitted his un-redacted "pen packet" and a prejudicial photograph. Doc. 1, at 6, 8. In Ground Three, Petitioner claims his convictions for possessing both cocaine and methamphetamine in the same bag violate the Double Jeopardy clause. *Id*. at 11. In Ground Four, Petitioner alleges his trial counsel was ineffective. *Id*. at 14. In Ground Five, Petitioner challenges the sufficiency of evidence at preliminary hearing, and in Ground Six, he challenges the sufficiency of evidence at trial. *Id*. at 17, 20. Finally, in Ground Seven, Petitioner alleges his two life sentences are excessive. *Id*. at 23.

The undersigned addresses Petitioner's sufficiency of the evidence claims first (Grounds Five and Six).

## III.    Standard of review for habeas relief.

"When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, 562 U.S. 86, 99 (2011); *see*

*also Johnson v. Williams*, 568 U.S. 289, 301 (2013). A petitioner is entitled to federal habeas relief only if that merits-based adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d). "It is the petitioner's burden to make this showing and it is a burden intentionally designed to be 'difficult to meet.'" *Owens v. Trammell*, 792 F.3d 1234, 1242 (10th Cir. 2015) (citation omitted). This standard "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice system, not a substitute for ordinary error correction through appeal." *Harrington*, 562 U.S. at 102-03.

This Court first determines "whether the petitioner's claim is based on clearly established federal law, focusing exclusively on Supreme Court decisions." *Hanson v. Sherrod*, 797 F.3d 810, 824 (10th Cir. 2015); *see also Hooks v. Workman*, 689 F.3d 1148, 1163 (10th Cir. 2012). Clearly established federal law consists of Supreme Court holdings in cases where the facts are similar to the facts in the petitioner's case. *See House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008). If clearly established federal law exists, this Court then considers whether the state court decision was contrary to or an unreasonable application of that clearly established federal law. *See Owens*, 792 F.3d at 1242.

4

"A state court's decision is 'contrary to' clearly established federal law 'if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Court has on a set of materially indistinguishable facts.'" *Id.* (citations omitted). Notably, "'[i]t is not enough that the state court decided an issue contrary to a lower federal court's conception of how the rule should be applied; the state court decision must be 'diametrically different' and 'mutually opposed' to the Supreme Court decision itself.'" *Id.* (citation omitted).

The "'unreasonable application' prong requires [the petitioner to prove] that the state court 'identified the correct governing legal principle from Supreme Court decisions but unreasonably applied that principle to the facts of the prisoner's case.'" *Id.* (citations and internal brackets omitted). On this point, "the relevant inquiry is not whether the state court's application of federal law was *incorrect*, but whether it was 'objectively unreasonable.'" *Id.* (citations omitted). So, to qualify for habeas relief on this prong, the petitioner must show "'there was no reasonable basis' for the state court's determination." *Id.* at 1243 (citation omitted). "In other words, 'so long as fairminded jurists could disagree on the correctness of the state court's decision,' habeas relief is unavailable." *Id.* (citation omitted); *see also Harrington*, 562 U.S. at 103 ("As a condition for obtaining [federal habeas relief], a state prisoner must show that the state court's ruling on the claim being presented in federal court was

so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.").

## IV.    Analysis of Petitioner's state law claims.

In large part, Petitioner claims the alleged errors violated state law and the Oklahoma constitution. Docs. 1, 2, *passim*. But even if such violations occurred, they would not entitle Petitioner to federal habeas relief. *See Davis v. Reynolds*, 890 F.2d 1105, 1109 n.3 (10th Cir. 1989) ("Alternative state claims, whether grounded in state statutes or the State Constitution, are not cognizable under 28 U.S.C. § 2254(a)."). Therefore, the undersigned recommends the court deny any claim based on the violation of Oklahoma's statutes or constitution.

## V.    Analysis of Petitioner's federal claims.

The court should likewise deny habeas relief on Petitioner's federal claims.

### A.    Grounds Five and Six: alleged insufficiency of the evidence at preliminary hearing and at trial.

In Ground Five, Petitioner alleges the State failed to "present sufficient evidence to establish [at the preliminary hearing] (1) probable cause that a crime was committed and (2) probable cause to believe that the defendant committed the crime." Doc. 1, at 17. So, according to Petitioner, the State

lacked sufficient evidence "to bind Petitioner over for trial . . . ." *Id.* In Ground Six, Petitioner alleges there was insufficient evidence at trial to prove he constructively possessed a controlled dangerous substance. *Id.* at 20.

The OCCA rejected both claims on direct appeal. As to Ground Five, the appellate court reviewed for "plain error" and found none. Doc. 14, Ex. 5, at 3. On Ground Six, the OCCA held:

> In his sufficiency challenge to the evidence at trial, [Petitioner] argues the State failed to prove his constructive possession of the drugs beyond a reasonable doubt. The Court must therefore determine "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt."
>
> [Petitioner's] argument confuses the concept of constructive possession with the sufficiency of the mostly circumstantial evidence to prove his *actual* possession of drugs just before abandoning them in the hope of avoiding prosecution. [Petitioner] "was not found in actual physical possession of contraband . . . his guilt or innocence must be determined by the inferences which the circumstantial evidence against him properly supports." Circumstantial evidence supports the inference that [Petitioner] actually possessed the drugs discarded along his path of escape, and was guilty as charged.

*Id.* at 3-4 (citations omitted).

### 1. Clearly established law.

The United States Supreme Court clearly established the constitutional right to sufficient evidence of guilt in *Jackson v. Virginia*. 443 U.S. 307, 324 (1979); *see Lott v. Trammell*, 705 F.3d 1167, 1219 (10th Cir. 2013) (agreeing

that *Jackson* provided "the clearly established law applicable to [an insufficient evidence] claim").  Under this decision, the question is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319.  *Jackson*'s standard for evidence sufficiency "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law."  *Id*. at 324 n.16.

### 2. The elements of possession of a controlled dangerous substance.

To convict a defendant for unlawful possession of a controlled dangerous substance in Oklahoma, the State must prove he: (1) knowingly and intentionally, (2) possessed, (3) a controlled dangerous substance.  *See* Okla. Stat. tit. 63, § 2-402(A)(1); *see also* OUJI-CR No. 6-6.  "[D]ominion and control over the thing possessed" can be established by circumstantial evidence.  *White v. State*, 900 P.2d 982, 986 (Okla. Crim. App. 1995).  Finally, "possession may be either actual or constructive . . . ."  *Id*. (internal quotation marks and citation omitted).

### 3. The alleged insufficiency of evidence at preliminary hearing (Ground Five).

In Ground Five, Petitioner seeks habeas relief because the State allegedly lacked sufficient evidence to bind him over for trial.  Doc. 1, at 17.  However, Petitioner's "claim that there was insufficient evidence presented in

8

his preliminary hearing for the state to bind him over for trial is not redressable by way of a habeas petition." *Powers v. Dinwiddie*, 324 F. App'x 702, 704 (10th Cir. 2009). This is because "[a] § 2254 petition challenges the validity of a state prisoner's conviction and sentence, . . . and the Supreme Court has long held that an 'illegal arrest or detention does not void a subsequent conviction[.]'" *Id.* (citations omitted). Since Petitioner "was ultimately convicted, his claim regarding the sufficiency of the evidence at his preliminary hearing cannot be grounds for habeas relief." *Id.* So, the court should deny habeas relief on Ground Five. *See Cleveland v. Sharp*, No. CIV-13-1281-F, 2016 WL 4708249, at *8 n.15 (W.D. Okla. July 28, 2016) (unpublished report & recommendation) (noting if petitioner had raised his insufficiency of the evidence at preliminary hearing claim "independently, and not as a Sixth Amendment ineffective assistance claim, habeas relief would similarly be denied" citing *Powers*), *adopted*, 2016 WL 4705580 (W.D. Okla. Sept. 8, 2016) (unpublished order), *certificate of appealability denied*, 672 F. App'x 824 (10th Cir. 2016), *reh'g denied*, (10th Cir. Dec. 21, 2016), *cert. denied*, 137 S. Ct. 2166 (2017).

### 4. The alleged insufficiency of evidence at trial (Ground Six).

The court should find the OCCA reasonably applied federal law when it rejected Petitioner's sufficiency of the trial evidence claim.

The State presented evidence at trial that the Comanche County Sheriff's Department was conducting surveillance on a "[k]nown drug house" in Lawton, Oklahoma on October 8, 2013. TR Vol. I, at 125-26, 146, 189-90. When Officers William Stidham and Kevin Duran observed a dark Nissan leaving the residence, they followed the vehicle for approximately half an hour. *Id.* at 126-27, 189-90. Petitioner later admitted he was the Nissan's driver. *Id.* at 167. Thereafter, Officer Bill Bybee took over following the Nissan. *Id.* at 129, 160. When Petitioner failed to stop at a red light, Officer Bybee attempted to make a traffic stop. *Id.* at 161. Rather than stopping however, Petitioner increased speed until he reached a parking lot, exited the car, and began running west. *Id.* at 161-63. Officer Bybee identified the suspect as a "black male wearing a bluish gray shirt." *Id.* at 131. Officer Bybee stayed with the vehicle, *id.* at 164, and Officers Stidham and Duran—who had been following at a distance—followed Petitioner westbound. *Id.* at 133. When they apprehended Petitioner, he had several hundred dollars in cash in his pocket. *Id.* at 134 & State's Ex. 14. Officers began searching the nearby alley and backyards; in one they discovered Petitioner's shirt and then nearby, they

found a plastic bag containing two separately wrapped white substances. TR Vol. I, at 135-38, 167-68, 180. These substances tested positive for cocaine and methamphetamine. *Id.* at 118 & State's Ex. 17**.** Officers also found a cellophane bag in Petitioner's car, matching the plastic bags containing the drugs. TR Vol. I, at 166.

Petitioner argues this evidence fails to prove he constructively possessed the drugs, explaining "possession may be inferred if the contraband is found in a place which is exclusively accessible or used by the accused, or subject to his dominion and control[.]" Doc. 1, at 20. But as the OCCA pointed out, Petitioner seems to confuse actual possession as proven with circumstantial evidence, with constructive possession. That is, the State did not attempt to prove constructive possession; i.e., they did not suggest Petitioner had dominion and control of the backyard or that he had exclusive access to the backyard where the drugs were located. Instead, the State argued Petitioner had *actually* possessed the drugs before he tossed them away in the backyard. TR Vol. I, at 219-20. To support this argument, the State relied on circumstantial evidence that Petitioner: (1) had been at a known drug house; (2) ran from law enforcement; (3) discarded his shirt near where the drugs were found; (4) had a large quantity of cash in his pocket; and (5) had a cellophane bag in his car, similar to the ones containing the drugs. *Id.* at 220-221, 224-29.

Viewing this evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. The court must find the OCCA reasonably applied federal law when it rejected Petitioner's insufficiency of the trial evidence claim on the merits.

**B.      Grounds One and Two:      Petitioner's claims involving improperly admitted evidence.**

In Grounds One and Two, Petitioner alleges the trial court improperly admitted prejudicial evidence, namely, his un-redacted "pen packet," and a photograph. Petitioner claims the evidence deprived him of a fundamentally fair trial under the federal constitution.[3]

Related to Ground One, the OCCA reviewed for plain error and held:

> Certain information contained in the pen pack, including evidence of prison disciplinary proceedings, [Petitioner's] religious affiliation, suspended sentences, early release, and charging details on prior convictions, was erroneously admitted at sentencing. However, considering the remaining evidence of [Petitioner's] criminal record, and the State's lack of emphasis on inadmissible evidence in the closing argument during sentencing, we find the error did not seriously affect the fairness, integrity, or public reputation of the proceeding.

---

[3]      Contrary to Respondent's assertion otherwise, *see* Doc. 14, at 3, 18, Petitioner clearly challenged the trial court's admission of the photograph under the federal due process claim on direct appeal. *See id*. Ex. 3, at 33 (beginning his argument about the photograph's alleged improper admission with: "A criminal defendant has a due process right to a fundamentally fair trial by a jury. U.S. Const. amends. VI, XIV[.]").

Doc. 14, Ex. 5, at 2-3.

For Ground Two, the appellate court found:

> Relevant photographs are admissible if their probative value is not substantially outweighed by the danger of unfair prejudice or other countervailing factors. The photograph was relevant to the issues at trial and properly admitted.

*Id.* at 4.

### 1. Clearly established law.

Petitioner's arguments focus on the State's introduction of evidence in violation of Oklahoma law. However, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). "Nevertheless, when a state court admits evidence that is 'so unduly prejudicial that it renders the trial fundamentally unfair, the Due Process Clause of the Fourteenth Amendment provides a mechanism for relief.'" *Ochoa v. Workman*, 669 F.3d 1130, 1144 (10th Cir. 2012) (citation omitted); *see also Williamson v. Parker*, --- F. App'x ---, 2017 WL 2986898, at *2 (10th Cir. 2017) ("Although federal habeas relief does not extend to the remedying of state law evidentiary errors, an exception applies when a state court admits evidence that is so unduly prejudicial that it renders the trial fundamentally unfair." (citation and internal quotation

marks omitted)).  So, the court's concern is not whether the trial court admitted the evidence in violation of Oklahoma law, but whether the OCCA reasonably determined the evidence did not render Petitioner's trial fundamentally unfair. *See, e.g., Ochoa*, 669 F.3d at 1144 (holding that the question of whether evidence renders a trial fundamentally unfair is made "without regard to whether the evidence was properly admitted pursuant to state law" (citing *Estelle*, 502 U.S. at 67-68)).

### 2. The State's introduction of Petitioner's unredacted "pen pack" (Ground One).

Petitioner first complains the trial court allowed the State to introduce his "entire 'pen packet'" which contained irrelevant and prejudicial information, including:  (1) "prior criminal allegations"; (2) an affidavit from the district attorney; (3) institutional misconduct and disciplinary records; (4) prior suspended sentence revocations; (5) Petitioner's religious affiliation; (6) an affidavit of probable cause; and (7) outdated prior convictions.  Doc. 1, at 6. This evidence was admitted in the trial's "second stage."  *Id.*  As noted above, the OCCA agreed the trial court had erroneously admitted evidence relating to Petitioner's "prison disciplinary proceedings, . . . religious affiliation, suspended sentences, early release, and charging details on prior convictions" but held "it [did] not seriously affect the fairness, integrity, or public reputation of the proceedings."  Doc. 14, Ex. 5, at 2-3.

In making this ruling, the OCCA applied a "plain error" standard. *Id.* at 2. Notably, "Oklahoma's formulation of the plain-error standard is virtually identical to the constitutional test for due process." *Hancock v. Trammell*, 798 F.3d 1002, 1011 (10th Cir. 2015). So when the OCCA "rejected [Petitioner's] claim under the plain-error standard, the decision effectively disallowed the possibility of a due process violation." *Id.* This Court must then defer to the OCCA's ruling unless it "'unreasonably applied'" the due process test. *Thornburg v. Mullin*, 422 F.3d 1113, 1125 (10th Cir. 2005) (internal brackets and citation omitted); *see also Eizember v. Trammell*, 803 F.3d 1129, 1138 n.1 (10th Cir. 2015) (finding, "under [Tenth Circuit] precedents," that "if a state court on plain error review denies relief on a federal claim by deciding there was no federal law error at all . . . our standard AEDPA standards apply"). With this, the court should find the OCCA reasonably applied federal law when it rejected Petitioner's due process claim in Ground One.

As the OCCA noted, the State did not emphasize Petitioner's prison disciplinary proceedings, religious affiliation, suspended sentences, early release, or charging details on prior convictions during it's second-stage closing argument. TR Vol. II, at 14. Instead, the State simply stated:

> This packet contains the history of the defendant while he was in DOC. It has his fingerprints, it has his pictures, and it has certified copies of J and S's or judgment and sentences of the three prior felonies that the defendant was convicted of. You are all going to get to take this back with you and you get to take a look

at it. I submit to you, this alone shows that the defendant has been convicted of three prior felonies beyond a reasonable doubt.

*Id.* Further, Petitioner had, in fact, been convicted of three former felonies and his life sentence was therefore within the statutory range. *See infra* § V(E)(2). Under such circumstances, Petitioner cannot show the OCCA unreasonably applied federal law when it found the irrelevant evidence did not render his second-stage trial fundamentally unfair. *See, e.g., Goudeau v. Allbaugh*, No. CIV-13-241-M, 2016 WL 775791, at *10 (W.D. Okla. Jan. 29, 2016) (unpublished report & recommendation) (collecting cases holding petitioner cannot show evidence contributed to a fundamentally unfair sentencing where sentence fell within statutory guidelines), *adopted*, 2016 WL 815327 (W.D. Okla. Feb. 29, 2016) (unpublished order), *appeal dismissed*, No. 16-6069 (10th Cir. June 22, 2016).

### 3. The State's introduction of an allegedly prejudicial photograph (Ground Two).

Petitioner next argues the trial court allowed the State to introduce an irrelevant and prejudicial photograph of a cellophane wrapper found in his car. Doc. 1, at 8. On this claim, the OCCA held the evidence was relevant and thus properly admitted under Oklahoma law. Doc. 14, Ex. 5, at 4. Again, the court should find reasonable the OCCA's implicit finding that the evidence did not therefore render Petitioner's trial fundamentally unfair.

16

According to Petitioner, the photograph was irrelevant and prejudicial because "the piece of cellophane in the photograph" was "never proved to be torn, or compared to the actual bag" and "could not prove Petitioner had dominion and control over the bag of drugs found in the back yard of a residence yards away." Doc. 1, at 8. But as discussed above, the State did not attempt to prove Petitioner had dominion and control over the drugs located in the yard, but that he had actually possessed the drugs. *See supra* § V(A)(4). And, Officer Bybee gave his opinion the "piece of cellophane [found in the car] . . . was possibly . . . the same type of cellophane [the drugs were found in]." TR Vol. I, at 167.

"'Evidence is not unfairly prejudicial simply because it is damaging to [the defendant].'" *United States v. Caraway*, 534 F.3d 1290, 1301 (10th Cir. 2008) (citation omitted). Instead, it is only unfairly prejudicial "if it makes 'a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged.'" *United States v. McGlothin*, 705 F.3d 1254, 1266 (10th Cir. 2013) (citation omitted). In sum, Petitioner fails to show the OCCA unreasonably applied federal law when it held, in essence, the photograph did not render Petitioner's trial fundamentally unfair.

**C. Ground Three: Petitioner's Double Jeopardy claim.**

In Ground Three, Petitioner claims his convictions for possessing both cocaine and methamphetamine in the same bag violate the Double Jeopardy clause. Doc. 1, at 11. The undersigned recommends the court deny this claim as moot. The OCCA agreed with this same argument on direct appeal and reversed one of Petitioner's two convictions for possessing a controlled dangerous substance. Doc. 14, Ex. 5, at 2; *see also id*. Ex. 2. As there is no relief this Court can now grant Petitioner, his Double Jeopardy claim is moot. *See Romero v. Franklin*, 244 F. App'x 224, 226 (10th Cir. 2007) (denying petitioner's certificate of appealability where the district court properly held petitioner's double jeopardy claim "was rendered moot by the OCCA's dismissal" of one of the two relevant convictions).

**D. Ground Four: Petitioner's ineffective assistance of trial counsel claim.**

According to Petitioner, his trial counsel was constitutionally ineffective for failing to: (1) move to dismiss one count of possession of a controlled dangerous substance on Double Jeopardy grounds; (2) object to the admission of the unredacted "pen packet"; (3) file a motion to quash after the State failed to present sufficient evidence to bind Petitioner over for trial at the preliminary hearing; and that he (4) erroneously argued Petitioner was an addict with no

evidence in support. Doc. 1, at 14. The OCCA rejected this claim on direct appeal, holding:

> [Petitioner] argues that counsel rendered ineffective assistance by failing to raise his double jeopardy claim, file a motion to quash, object to improper evidence, and an improper reference to [Petitioner's] addiction in argument. Reviewing these claims according to the deficient performance/prejudice test of *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 1064, 80 L.Ed.2d 674 (1984), no relief is warranted. [Petitioner's] double jeopardy complaint is mooted by dismissal of Count 2. Counsel's other alleged deficiencies create no reasonable probability of a different outcome.

Doc. 14, Ex. 5, at 4-5.

### 1.    Clearly established law.

Under clearly established law, Petitioner must demonstrate his attorney's performance was deficient and prejudicial. *See Strickland v. Washington*, 466 U.S. 690-91 (1984). A court will only consider an attorney's performance "deficient" if it falls "outside the wide range of professionally competent assistance." *Id.* at 690. "[P]rejudice" involves "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

"Surmounting *Strickland's* high bar is never an easy task." *Harrington*, 562 U.S. at 105 (internal quotation marks and citation omitted). That is, "[e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult [as] [t]he standards created by

*Strickland* and § 2254(d) are both highly deferential and when the two apply in tandem, review is doubly so." *Id.* (internal quotations marks and citations omitted). So, "[w]hen § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.*

### 2. Trial counsel's failure to object to a Double Jeopardy violation.

Petitioner first alleges his trial attorney was ineffective for failing to raise a Double Jeopardy objection to the State charging him with two counts of possession of a controlled dangerous substance. Doc. 1, at 14. However, the OCCA reversed one conviction, thus mooting the underlying claim. *See supra* § V(C). For the same reason, Petitioner's related ineffective assistance of trial counsel claim is also moot. *See Thompson v. Jones*, No. CIV-10-190-RAW-KEW, 2013 WL 5276099, at *1, *5 (E.D. Okla. Sept. 18, 2013) (unpublished order) ("Because the OCCA reversed petitioner's convictions for Count 4 and Count 11, his ineffective assistance of counsel claim regarding instructions for those charges . . . [is] moot."), *appeal dismissed*, No. 13-7064 (10th Cir. Oct. 22, 2013).

### 3. Trial counsel's failure to object to the admission of the unredacted "pen packet."

Petitioner next alleges his trial counsel should have objected to the State's introduction of his unredacted "pen packet," Doc. 1, at 14, and, indeed,

the OCCA held some of the evidence contained therein was irrelevant and erroneously admitted. Doc. 14, Ex. 5, at 2-3. However, the OCCA also found the admission did not "seriously affect the fairness, integrity, or public reputation of the proceedings" and the appellate court's implicit conclusion that the evidence did not render Petitioner's sentencing fundamentally unfair was a reasonable application of federal law. *Supra* § V(B)(2). Since Petitioner cannot therefore show any prejudice in the trial attorney's failure to object, the court should find the OCCA reasonably applied *Strickland* in rejecting this claim on direct appeal.

> **4. Trial counsel's failure to move to quash when the State allegedly failed to provide sufficient evidence to bind him over at preliminary hearing.**

As the OCCA noted, the proper method for challenging the lack of sufficient evidence at a preliminary hearing is through a motion to quash. Doc. 14, Ex. 5, at 3. Petitioner's attorney did not file such a motion, and the OCCA therefore reviewed his insufficiency of the preliminary hearing evidence claim for only plain error. *Id.* The OCCA found no error. *Id.*

At a preliminary hearing in Oklahoma, the State must only provide enough evidence to establish: "(1) probable cause that a crime was committed, and (2) probable cause to believe that the defendant committed the crime." *State v. Juarez*, 299 P.3d 870, 873 (Okla. Crim. App. 2013). Relevant here, "the State is not required to prove the defendant's guilt with certainty," only that

"it is *reasonable* to believe that the defendant committed the offense(s) at issue." *Id.*

Much like they did at trial, Officers Stidham and Duran testified at the preliminary hearing that they were surveilling a house for potential drug activity when they observed a Nissan leave the residence. TR PH, at 4, 33-34. Officer Bybee testified he eventually took over following the Nissan, and after he attempted a traffic stop, a man jumped out of the car and fled on foot. *Id.* at 23-24. Petitioner admitted he was the Nissan's driver. *Id.* at 27. Officers Stidham and Bybee apprehended Petitioner and found his discarded shirt nearby. *Id.* at 6-8. Upon further search, the officers then discovered a bag of drugs "just east of where the shirt was located." *Id.* at 9-10.

As the OCCA held, this testimony established probable cause the crime of possession of a controlled dangerous substance was committed, and it was *reasonable* to believe Petitioner committed the crime. So, Petitioner cannot show the trial court would have likely granted a motion to quash based on insufficient evidence at preliminary hearing. Under such circumstances, trial counsel had no obligation to file the motion and the court should find the OCCA reasonably applied *Strickland* in rejecting this allegation. *See, e.g., Williams v. Trammell*, 782 F.3d 1184, 1202-06 (10th Cir. 2015) (holding the OCCA reasonably applied *Strickland* to find no deficient performance in the trial attorney's failure to lodge a meritless objection).

### 5. Trial counsel's argument Petitioner was an addict.

Finally, Petitioner complains his attorney told jurors Petitioner was an addict with "no evidence to support this argument." Doc. 1, at 14. The court should again find no merit in this claim. *After* the jury convicted Petitioner, his trial attorney told jurors Petitioner was "an addict, [and] has been an addict for a long time." TR Vol. II, at 15. The attorney then asked the jurors to sentence Petitioner to the minimum sentences, "run together," so Petitioner could obtain treatment. *Id.*

An attorney's handling of closing arguments is considered a strategic decision, and is therefore afforded great deference. *See Moore v. Gibson*, 195 F.3d 1152, 1179-80 (10th Cir. 1999) (holding counsel's concessions during closing were presumed "sound trial strategy"). Here, Petitioner fails to establish counsel's conduct was either deficient or prejudicial, and thus the OCCA reasonably applied *Strickland* in rejecting the claim.

### E. Ground Seven: the alleged excessiveness of Petitioner's two life sentences.

In Ground Seven, Petitioner alleges a constitutional violation because the jury rendered "excessive sentences in violation of the Double Jeopardy Clause, when Petitioner was sentenced to two life sentences . . . ." Doc. 1, at 23. Again, the OCCA reversed one of Petitioner's two possession convictions leaving him with only one life sentence. Doc. 14, Ex. 5, at 2; *see also id.* Ex. 2.

So, Petitioner's excessive sentence claim based on two life sentences is moot. Additionally, the OCCA reasonably concluded Petitioner's remaining life sentence was not constitutionally excessive. *Id.* Ex. 5, at 5.

### 1. Clearly established law.

The Supreme Court has clearly established "the Eighth Amendment prohibits imposition of a sentence that is grossly disproportionate to the severity of the crime." *Ewing v. California*, 538 U.S. 11, 21 (2003) (citation omitted). However, "outside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare." *Id.* (citation and internal brackets omitted). Indeed, the court "afford[s] wide discretion to the state trial court's sentencing decision, and challenges to that decision are not generally constitutionally cognizable, unless it is shown the sentence imposed is outside the statutory limits or unauthorized by law." *Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000). Generally then, habeas review "ends once [the court] determine[s] the sentence is within the limitation set by statute." *Id.*; *see also Doyle v. Jones*, 452 F. App'x 836, 843 (10th Cir. 2011) ("Because the sentence 'was within the statutory range provided by Oklahoma law,' the district court denied relief [on petitioner's excessive sentence claim]. No reasonable jurist could debate the district court's decision." (citation omitted)).

### 2. Petitioner's sentence.

In relevant part, Petitioner was convicted of possessing a controlled dangerous substance after three former felonies. Doc. 14, Ex. 2. In Oklahoma, his punishment range was therefore "six years to life imprisonment." Okla. Stat. tit. 63, § 2-401(B)(2) (directing punishment for possessing a controlled dangerous substance at "not less than two (2) years nor more than life"); *id*. tit. 21, § 51.1(C) (permitting sentence enhancement for any person having been twice convicted of a felony offense to "a term in the range of three times the minimum term . . . to life imprisonment"). Since Petitioner's life sentence falls within the statute's limitation, the court cannot say the OCCA unreasonably applied federal law when it rejected this claim on the merits.

## VI. Recommended ruling and notice of right to object.

For the reasons discussed above, the undersigned recommends the court deny the petition for habeas relief.[4]

The undersigned advises the parties of their right to object to this report and recommendation by August 29, 2017, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make timely objection to this report and recommendation waives their right to

---

[4] Throughout his petition, Petitioner seeks appointment of counsel and an evidentiary hearing. Doc. 1, at 7, 10, 12, 15, 18, 21, 24. Petitioner made the same requests in independent motions, Docs. 4, 5, which the undersigned denied. Doc. 23.

appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

Entered this 9th day of August, 2017.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE