# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| CODY WAYNE MAYFIELD, | ) |  |
| --- | --- | --- |
| Petitioner, | ) |  |
| vs. | ) | NO. CIV-16-557-HE |
| JIMMY MARTIN,[1] | ) |  |
| Respondent. | ) |  |

# ORDER

Petitioner, a state prisoner appearing *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 for relief from his state court conviction and sentence. The matter was referred to U.S. Magistrate Judge Suzanne Mitchell for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Judge Mitchell has issued a Report and Recommendation (the "Report") recommending that the petition be denied. Petitioner has filed an objection to the Report, which triggers a *de novo* review by this court.

A jury in Comanche County convicted Petitioner of two counts of possession of a controlled substance after former conviction of two or more felonies and one count of failure to stop at a red light. In accordance with the jury's recommendation, the court sentenced petitioner to two life sentences for the possession counts and ten days for the traffic count and ordered all sentences to be served consecutively. Petitioner's conviction

---

[1] As Petitioner notes, the Warden of North Fork Correctional Center is now Jimmy Martin. As such, he is now the correct Respondent. See *Jimenez v. Utah*, 665 F. App'x 657 n.2 (10th Cir. 2016).

and sentence on the second count of possession were reversed on appeal by the Oklahoma Court of Criminal Appeals ("OCCA") which ordered that count be dismissed and Petitioner be resentenced. The OCCA reviewed and rejected Petitioner's remaining appellate arguments. Petitioner was resentenced to one life sentence on the remaining possession count and ten days on the traffic count. Petitioner did not file for post-conviction relief.

In his habeas petition, Petitioner lists seven grounds for relief, each of which was raised on direct appeal. Because the OCCA addressed the merits of petitioner's claims, review is governed by 28 U.S.C. § 2254(d). The Supreme Court has repeatedly acknowledged that § 2254(d) "erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." Burt v. Titlow, 571 U.S. --, 134 S. Ct. 10, 16 (2013). Relief may only be granted "where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents." Harrington v. Richter, 562 U.S. 86, 102 (2011). What is required is a showing that the state court's decision is "objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (citing Williams v. Taylor, 529 U.S. 362, 409 (2000)).

Petitioner's first objection[2] argues that this court should not apply the §2254(d) standard of review to his first, second, and fourth grounds for relief because "reasonable jurists would find the assessment of Mr. Mayfield's habeas claims debatable." Doc. #25, p. 3. Petitioner states that "the state court's determination of the factual issues presented

---

[2] *Because Petitioner appears* pro se*, his pleadings are construed liberally.* Hall v. Bellmon, *935 F.2d 1106, 1110 (10th Cir. 1991).*

with Grounds One, Two, and Four lacked justification because the errors were understood and comprehended in existing law beyond any possibility for fairminded disagreement" and thus he "effectively rebuts and overcomes the presumption that the OCCA's determination of the factual issues were correct by clear and convincing evidence." *Id.*, pp. 4-5.

The court disagrees. The formidable barrier presented when seeking habeas relief "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice system, not a substitute for ordinary error correction through appeal." Harrington, 562 U.S. at 102-103. "It is not enough that the state court decided an issue contrary to a lower federal court's conception of how the rule should be applied; the state court decision must be 'diametrically different' and 'mutually opposed' to the Supreme Court decision itself." Bland v. Sirmons, 459 F.3d 999, 1009 (10th Cir. 2006) (quoting Williams, 529 U.S. at 406). The OCCA's findings regarding these claims for relief are not "objectively unreasonable." Further, to the extent that Petitioner seeks relief for errors violating state law and the Oklahoma constitution, "[s]tate claims are not cognizable in habeas proceedings unless they are constitutional in nature." Montoya v. State of N.M., 55 F.3d 1496, 1499 (10th Cir. 1995) (citing Davis v. Reynolds, 890 F.2d 1105, 1109 n.3 (10th Cir. 1989).

Petitioner's second objection states that "the Magistrate erred in [her] understanding of the facts and thereby incorrectly applied 28 U.S.C. § 2254(a)" when evaluating his first and second grounds for relief. Petitioner's first ground for relief claims that the introduction of his "pen pack" during the sentencing phase of his trial, violated his Due

3

Process rights and resulted in an illegally enhanced sentence. This ground is a repetition of his second proposition presented to the OCCA on direct appeal. His second ground for relief claims that the introduction of a photograph of a piece of cellophane violated his rights to a fair trial. This ground is presented as the fourth proposition on direct appeal to the OCCA.

The Report finds "Petitioner cannot show the OCCA unreasonably applied federal law when it found the irrelevant evidence did not render his second-stage trial fundamentally unfair." Doc. #24, p. 16. Likewise, "Petitioner fails to show the OCCA unreasonably applied federal law when it held, in essence, the photograph did not render Petitioner's trial fundamentally unfair." After *de novo* review, the court agrees with the Report. The OCCA rulings are not an unreasonable application of federal law.

To the extent that Petitioner argues that he is entitled to habeas relief because his sentence was improperly enhanced pursuant 21 Okla. Stat. § 51.1, the court notes that this claim was not included in his habeas petition. Nor was it presented to the OCCA on direct appeal. Accordingly, this claim is waived. If Petitioner objects to the Report's disposition of his seventh ground for relief, that his sentence was excessive, the court agrees with the Report that a sentence within the statutory limits is not an unreasonable application of federal law.

Petitioner's final objection claims "the magistrate erred in [her] understanding of the facts involved in Mr. Mayfield's claim of ineffective assistance of Trial Counsel. Petitioner's ineffective assistance of counsel claim was the sixth proposition presented to the OCCA on direct appeal. Petitioner's objection alleges ineffective assistance because

counsel (1) "failed to examine the un-redacted [] PEN Packet," (2) made no "attempt to examine the DOC PEN Packet for improper-prejudicial information," (3) failed to object to the admission of [] the PEN Packet," (4) failed to object to the introduction of Petitioner's third felony conviction "via the PEN Packet," and "broke from a viable trial strategy that the prosecution's case-in-chief was supported by insufficient evidence, and told the jury 'Mr. Mayfield is an addict." Doc. 25, pp. 13-14.

Petitioner's ineffective assistance of counsel claims were thoroughly presented to the OCCA which held that the "alleged deficiencies create no reasonable probability of a different outcome." Doc. 14-5, p. 5. Thus, the Report correctly concludes that Petitioner is unable to demonstrate any prejudice from counsel's actions regarding the pen packet, nor that counsel's trial strategy was deficient or prejudicial. After *de novo* review, the court concludes the OCCA reasonably applied Strickland v. Washington, 466 U.S. 668 (1984), in finding that Petitioner's trial counsel was not deficient or prejudicial.

Accordingly, the Report [Doc. #24] is **ADOPTED** and the petition for writ of habeas corpus [Doc. #1] is **DENIED**. A certificate of appealability is also denied.

**IT IS SO ORDERED**.

Dated this 23rd day of October, 2017.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE